## THEODORE ROGERS *vs.* NEWBURYPORT RAILROAD COMPANY.

A railroad company which is bound to erect and maintain a sufficient fence is liable in damages if a horse, feeding in an adjacent pasture, escapes through a defect in the fence and is run over and killed by the cars, without proof of any care on the part of the owner to prevent such an escape.

Evidence of notice to the owner that the horse had escaped two or three times before, and been upon the track, is immaterial.

TORT to recover for the loss of a colt which was run over and killed by the defendants' cars.

At the trial in the superior court, before *Rockwell,* J., the plaintiff was called as a witness, and the defendants' counsel proposed to ask him if he had not been told two or three times that season that his colt had been upon the track ; but the question was ruled out. It appeared that the defendants were bound to erect and maintain a sufficient fence.

The court instructed the jury, that since the defendants were bound by law to erect and maintain a sufficient fence between the track of their road and the plaintiff's pasture, if the jury were satisfied that the plaintiff's colt was feeding in the pasture adjacent to the track, and escaped therefrom to and upon the track through the defect or insufficiency of the fence, and that this defect was not caused by the plaintiff, they were authorized to find a verdict for the plaintiff, although the plaintiff had not alleged the use of ordinary care on his part, or offered evidence to prove the same.

The jury found for the plaintiff, and the defendants alleged exceptions.

*E. F. Stone,* for the defendants, cited *Lucas* v. *New Bedford & Taunton Railroad Co.* 6 Gray, 64; *Raymond* v. *Lowell,* 6 Cush. 524.

*W. C. Endicott,* for the plaintiff.

CHAPMAN, J. In order to decide this case, it is necessary to assume that the rulings were applicable to the evidence, and that the defendants excepted to them. The defendants' statement of the case is defective in these respects. Taking it for granted that there was evidence tending to show that the plaintiff's colt was left by him feeding in his pasture adjoining the railroad track, and escaped therefrom to and upon the track through the defect or insufficiency of the fence which it appeared that the defendants were bound to erect and maintain; that the defendants' cars ran over and killed the colt while he was thus upon the track, and that the defect of the fence was not caused by the plaintiff, the court are of opinion that the rulings were correct. For the plaintiff had a right to place his colt in his pasture to feed, and was under no obligation to the defendants to use any care to prevent his escape by reason of their neglect to maintain the fence. It was for them to use the necessary care to prevent such an escape. And their duty would not be transferred to the plaintiff by giving him notice that the colt had escaped two or three times before and been upon the track; and so evidence of such notice would be immaterial. The plaintiff would still have a right, as between him and the defendants, to use his pasture as before; and the due care to prevent the escape through the defect of the fence would still be the duty of the defendants.

If the plaintiff had had an active agency in bringing about the collision — if, for example, he had been riding or driving the colt across the track — then his participation in the affair would have been such that he ought to show affirmatively the exercise of due care on his part. It would have been like the ordinary case of a person riding or driving along a highway and injured by reason of a defect in the way. But the

2*

distinction between such a case and the present one is ob vious.

In many other cases, perhaps in most cases, some proof of care on the plaintiff's part would be necessary. In *Brown* v. *Providence, Hartford, & Fishkill Railroad Co.* 12 Gray, , such proof was conceded to be necessary. But that case does not show an escape of the cattle from the plaintiff's close by reason of the defendants' neglect to repair the fence.

*Exceptions overruled.*